FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 09 2015

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

HONORABLE JUDGE EDWARD F. SHEA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT EARLE JOHNSON,
        Plaintiff,

v.

ROY GONZALES et al.,
        Defendants.

No. 4:15-cv-05304-EFS
       5034

PLAINTIFF'S MOTION OBJECTING
TO THE COURT'S ORDER DISMISSING
COMPLAINT AND MOVES FOR
RECONSIDERATION PURSUANT TO
FRCP 52(b), 59(e) & 60(b)

NOTED ON CALENDAR
**November 27, 2015**

## I. IDENTITY OF OBJECTING PARTY

Robert Earle Johnson, pro se Plaintiff, respectfully makes the following objections to the Court's Order dismissing complaint identified in Part III.

## II. TRIAL JUDGE'S ORDER

Mr. Johnson objects to the Order filed dismissing his first amended complaint on October 16, 2015, by Honorable Judge Edward F. Shea. (Dkt. #12)

## III. STATEMENT OF OBJECTIONS

1. The Court should take <u>judicial notice</u> that there is no magistrate judge in this case, and it appears that Honorable Judge Shea ("the Court") has incorrectly applied the law: <u>EECO v. Luce, Forward Hamilton & Scrpps</u>, 345 F.3d 742, 746 (9th Cir. 2003); has applied erroneous legal standards, <u>Gomez v. Vernon</u>, 255 F.3d 1118, 1128 (9th Cir.); and has supplied essential elements of the claim that were not initially pled. <u>Ivey v. Bd. of Regents the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982). Johnson respectfully objects to the Court's dismissal of his complaint for failure to state a claim.

2. The Court asserts that Johnson made no allegation that the legal

mail Tapia opened, extracted legal documents, and confiscated legal documents was not marked legal mail. The Court's statement is incorrect, Johnson did in fact alleged the legal mail was marked as such. Statement of Facts of amended complaint paragraph 3.1. Also see Johnson's Declaration, Exhibit #1, Annexed Attachment A (face of the envelop verifying the date it was mailed and received). Johnson objects to the Court's statement.

3. Johnson pro bono attorney, Kent F. Davis PLLC, provided Johnson with a Declaration regarding defendant Tapia's confiscation of the legal mail he mailed to Johnson. Exhibit #1, Attachment B Exhibits A, B, C, E, F and G. Mr. Davis's Declaration and Exhibits support Johnson's Statement of Claim II (Retaliation). Amended Complaint at page 9. Johnson respectfully objects to the Court's dismissing Claim II.

4. Johnson alleged in his amended complaint that his First Amendment rights to: 1) Freedom to read is violated; 2) Freedom to learn from information generated on the internet is violated; 3) Constitutional rights to receive internet generated information is violateed; and 4) Defendant Tapia's confiscation of internet generated information is an ongoing coordinated campaign of retaliation and harassment has chilled his First Amendment rights. Because the PLRA is intended to eliminate frivolous lawsuits, but not to eliminate the ameliorative effect achieved by valid constitutionally based challenges, Wood v Carey, 722 F.3d 1177, 1182-83 (9th Cir. 2013), Johnson respectfully objects to the Court's dismissal of his amended complaint Claim I.

5. Because the Court did not make clear under what provision of the federal rules it was rejecting Johnson's newly added claims or its reasoning why Johnson must pursue his new claims against defendants Gonzales, Tapia, and Westphal in a separate action, Johnson therefore objects to the Court's failure to consider new additional claims as incorporated in his first amended complaint (i.e. Tapia's confiscation of legal documents "marked legal mail"; Gonzales retaliation and knowingly upholding constitutional violation; and Westphal's confiscation legal document down loaned and generated on the internet). Johnson's objections are based on the Ninth Circuit law that he may file an amended complaint and add new claims and defendants "where the

additional cause of action arose after the initial filing[.]" <u>Cano v. Taylor</u>, 739 F.3d 1214, 1220 (9th Cir. 2014); FRCP 15(a) and 15(b). Therefore, Johnson respectfully objects to the Court's dismissal of claims II, III, and IV. <u>Arnold v. IBM</u>, 637 F2d 1350, 1355 (9th Cir. 1981).

6. Johnson objects to the Court's argument that the confiscated internet information was in anyway "reasonably related" to a legitimate penological interest. In Claim I, Johnson asserted that defendant's action "did not advance DOC legitimate penological objective; In Claim II, Johnson alleged that defendant's "action did not advance DOC legitimate correctional goal; and In Claim III, Johnson alleged that defendant's action "did not advance DOC legitimate correctional objective. See Johnson's Declaration, Exhibit #1, Attachment B-Exhibit D. The burden of showing the mail rejections lacked a legitimate correctional goal is not for Johnson to carry. Johnson therefore objects to the Court's order at pages 6 and 8.

7. Johnson requested this Court to declare DOC Policy 450.100, III, B. Attachment 1, paragraph 31 unconstitutional because it is arbitrarily being used to reject internet generated information, and rejecting legal documents pertinent to prisoners cases. Amended Complaint at page 11. Whether Johnson alleged any named defendants that "created or promulgated this policy" is irrelevant because the policy itself is unconstitutional. Court's Order at page 7. Johnson respectfully objects to the Court supplying essential elements to the claims that were not initially pled.

8. The Court assertion that Defendant Tapia's violation of Johnson's Constitution right to receive internet generated material was a single incident dose not matter because he is a prisoner. There is no Constitution Law or Ninth Circuit precedent to support such a conclusions that a prisoner's First Amendment rights have to be violated more than once to "state a claim", Johnson therefore objects.

### IV. RECONSIDERATION MOTION
#### Claim I.

Johnson incorporates by reference each proceeding paragraph 1 though 8 to each relevant claim.

The United States Supreme Court has long held: "The accepted rule

that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Johnson move this Honorable Court for reconsideration pursuant FRCP 52(b), 59(e) and FRCP 60(b). This Court has erred in its findings that Johnson failed to state a claim for the following reasons.

Johnson's initial complaint and his first amended complaint is predicated on the Ninth Circuit precedent <u>Clement v. Cal. Dep't of Corr.</u>, 364 F.3d 1148 (9th Cir. 2004). The <u>Clement</u> court has made it unequivocal clear that:

> [T]he right to receive publications is...a fundamental right...Prisoners retain their First Amendment right to receive information while incarcerated. Turner v. Saflely, 482 U.S. 78, 84, 107 S.Ct. 2254,, 96 L.Ed.2d 64 (1987). ...(Prison walls do not form a barrier separating prison inmates from the protections of the Constitution.) ... The Supreme Court has repeatedly recognized that restrictions on the delivery of mail burden an inmate's ability to exercise his or her First Amendment rights.

364 F.3d at 1151.

Ninth Circuit affirmed the United States District Court order permanently, statewide injunction in <u>Clelment v. Cal. of Dep't of Corr.</u>, 220 F.Supp.2d 1098 (N.D. Cal. 2002), which enjoined the California Department of Corrections (CDC) from enforcing any policy which prohibited California inmates from receiving mail because it contained internet generated material." <u>Id</u>. The court found the CDC internet policy unconstitutional and upheld the district court injunction prohibiting the CDC from further enforcement of its internet policy. <u>Id</u>. at 1152.

Here, WDOC Policy 450.100 III, B. Attachment 1, paragraph 31, merely states: "Contains clipping(s)/copyrighted material" will not be allowed. See Johnson's Declaration Exhibit #1, Annexed Attachment B, Exhibit D of Mr. Davis's Declaration.

As Johnson alleged in his complaint, this policy (paragraph 31) is unconstitutional because it is being used to mislabor material and then reject internet generated material as copyrighted material. Even if the material is copyrighted, it unconstitutional for the WDOC to reject it

under the "fair use doctrine".

The fair use , 17 U.S.C. § 102(a), this protection has never accorded the copyright owner complete control over all possible uses of his work. See 17 U.S.C. §§ 106 and 107. "Fair use" is the only exception to the copyright owner's exclusive right in a work. The protection has never afforded the copyright owner complete control over all possible uses of a work. Any person, including prisoners, may reproduce a copyrighted work for "fair use."

Defendant Gonzales opened the door to the copyright doctrine, therefore, the Court should consider Defendant Gonzales's finding in order to uphold defendant Tapia's rejecting internet generated material, which violated Johnson's First and Fourteenth Amendments rights. He alleged: "The 'book' is clearly marked copyrighted therefore copies of the book are not allowed. If you wish to have the bonus book you must order it as its own publication through an approved vendor. Copies of pages from books are not allowed as it violates copyright laws." Exhibit #1, Attachment B. Exhibit D. In other words, any material from any book that is generated on the internet is subjected to rejection. That includes any clippings generated on the internet. Policy 450.100 (paragraph 31) is too ambiguous to be constitutional to protect the First Amendment rights of prisoners. Clement, 364 F.3d at 1151, which opined: "Prisoners retain their First Amendment right to receive information while in incarcerated. Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." Id. (Citing Turner v. Safley, 482 U.S. 78, 84 (1987)).

The "Free Bonus Chapters" are not from a book, they were generated from the internet. See Attachment B at Exhibit D gives this Court all the information and evidence needed to reconsider and grant Johnson's motion for reconsideration on Claim I.

Johnson has stated a claim and has introduced evidence in support of that claim. Johnson alleged that by Defendants Tapia and Gonzales denying him access to internet generated information violated his First Amendment constitutional rights. His motion for reconsideration should be granted because the Court looks not at whether Johnson will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhode, 416 U.S. 232, 236

(1974).

## Claim II.

On May 27, 2015, Defendant Tapia opened Johnson's legal mail, which was clearly marked "Legal Mail". See Exhibit #1, Attachment A. "'[O]pening properly marked legal mail alone ... implicates both the First and Sixth Amendments because of the potential for a 'chilling effect'"' Nordstrom v. Ryan, 762 F.3d 903, 908-09 (9th Cir. 2014) (Citations omitted). Tapia opened Johnson's legal mail and confiscated volume II documents in retaliation because Johnson filed lawsuit against her on April 21, 2015, for confiscating his internet generated information.

Tapia's retaliatory conduct is a ongoing coordinated campaign of harassment and retaliation. See Amended Complaint at pages 8 and 9. See Johnson's pro bono counsel's Declaration. Exhibit #1, Attachment B, Exhibits A, B, C. E, F, and G.

Claim I retaliation is bolstered by the fact that Tapia arbitrarily opened Johnson's legal mail. Direct evidence carries no more weight than circumstantial evidence.

**Amended Added Claims II, III and IV.**

The Court had no substantial reason to deny Johnson's right to amend his first amended complaint with additional claims. The Ninth Circuit Court of Appeals held:

> Not long ago, we held that a prisoner may file an amended complaint and add new claims where the additional cause of action rose after the initial filing, as long as he has exhausted administrative remedies as to those additional claims before filing the amended complaint.

Cano v. Taylor, 739 F.3d at 1220.

Johnson exhausted administrative remedies prior to filing Claims II and III. The Cano court further opined "forcing the plaintiff to file a separate suit regarding his First Amendment...would not further the policy goals of the PLRA". Id. at 1220-21. Madrid v. Gomez, 190 F.3d 990, 996 (9th Cir. 1999).

The scope of FRCP 15(a) also supports reconsideration and reinstating Claim II and III, because it provides an automatic right to amend pleadings a single time before a response is filed or if no

response is required after the original pleading to be amended was served. Leave to amend should be granted even if not requested. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). Rules 15(a) and 15(b) are appropriate vehicles in the case sub judice. The Court should reinstate Claims II and III, a long with Claims I and IV, and allow Johnson to prosecute his complaint and him First Amendment and Fourteenth Amendment constitutional violations.

### Claim III.

Defendant Westphal violated Johnson fundamental constitutional right to receive internet generated material. <u>Cement v. Cal. Dep't of Corr.</u>, 364 F.3d 1148 (9th Cir. 2004). The internet generated information is public information, a Washington Supreme Court recent decided "<u>case law</u>". The Ninth Circuit affirmed a District Court decision, which held that a California Department of Corrections policy that prohibited inmates from receiving internet generated material was unconstitutional and violated the First Amendment rights. 364 F.3d at 1153; <u>Turner v. Safley</u>, 482 U.S. at 89-90. See Exhibit #1, Attachment B, Exhibit D.

Westphal's retaliatory conduct-confiscating legal documents-is predicated on Johnson filing a lawsuit against her best friend, Defendant Tapia, who also works in CRCC mail room. The retaliatory action against Johnson is a ongoing harassment and retaliation. See Claim III, page 9-10.

Here again, the Court erroneously refused to incorporate Claim III as an added claim, which Johnson added in his first amended complaint. <u>Cano v. Taylor</u>, 739 F.3d at 1220. Rules 15(a) and 15(b) also applies to Claim III. The Court should reconsider and grant Johnson motion for reconsideration and serve the amended complaint on defendants, because Johnson was engaged in a constitutionally protected activity and that protected conduct was substantial and motivating factor for the Westphal and Tapia retaliatory actions advanced no legitimate penological interest. <u>Hines v. Gomez</u>, 108 F.3d 265, 267 (9th Cir. 1997).

### Claim IV.

Personal participation is not only the predicate for 42 U.S.C. § 1983 liability, anyone who cause any citizen to be subjected constitutional deprivation is also liable. Defendant Gonzales upheld defendants Tapia's and Westphal's constitutional violation of Johnson's

First and Fourteenth Amendments right because Johnson filed a lawsuit against him. He therefore retaliated against Johnson by denying him the confiscated legal documents.

Defendant Gonzales retaliated against Johnson for exercising his protected constitutional. The Court should reconsider and reinstate Claim IV a long with Claims I, II and III.

## V. CONCLUSION

Because Johnson has introduced evidence showing Tapia deliberately and arbitrarily opened marked legal mail, confiscating legal documents, and denying Johnson to receive internet generated material, and retaliating against for filing a lawsuit against her, the Court should reconsider Claims I and II. The Court should further reconsider and reinstate Claims III and IV, because each shows retaliation and conspiracy regarding Claims I and II as well. Johnson pray that the Court will be fair, reconsider and compel defendants to answer Johnson's Civil Rights Comnplaint.

Respectfully submitted this 5th day of November 2015.

*Robert E. Johnson*
Robert E. Johnson, #126696
Coyote Ridge Correction Center
P.O. Box 769, IB-13-2
Connell, WA 99326

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT EARLE JOHNSON,<br>        Plaintiff,<br><br>              v.<br><br>ROY GONZALES, et al<br>        Defendants. | No. 4:15-cv-05304-EFS<br><br><br>CERTIFICATION OF SERVICE<br>BY MAIL |

I certify that on the date below i served the following documents by depositing in the U.S. Postal Service the original to the District Court Judge:

1.  PLAINTIFF'S MOTION OBJECTING TO THE COURT'S
    ORDER DISMISSING COMPLAINT AND MOVES FOR
    RECONSIDERATION PURSUANT TO
    FRCP 52(b), 59(e) & 60(b)

2.  CERTIFICATE OF SERVICE BY MAIL

[x]  Kent F. Davis PLLC
     Attorney at Law
     P.O. Box 27944
     Tucson, AZ 85726

[x]  CLERK, United States District Court
     Eastern District of Washington
     P.O. Box 1493
     Spokane, WA 99210

EXECUTED this 5th day of November 2015, Connell, WA

*Robert E. Johnson*
Robert E. Johnson, #126696

RECEIVED

NOV 09 2015

CLERK, U.S. DISTRICT COURT
SPOKANE, WA