UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT EARLE JOHNSON,<br><br>                    Plaintiff,<br><br>         v.<br><br>ROY GONZALES, VICTORIA TAPIA, and AMANDA WESTPHAL,<br><br>                    Defendants. | No.  4:15-cv-05034-EFS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATON** |

Before the Court is Plaintiff's Motion for Reconsideration pursuant to Rules 52(b), 59(e) and 60(b) of the Federal Rules of Civil Procedure, which was filed on November 9, 2015, ECF No. 16. Plaintiff, a prisoner at the Coyote Ridge Corrections Center, is proceeding *pro se* and *in forma pauperis*. Defendants were not served in this action. The Motion was considered without oral argument on the date signed below.

On October 16, 2015, the Court issued an Order dealing with two subjects: (1) a Motion by which Plaintiff sought a 90 to 120 day extension of time in order to exhaust administrative remedies regarding claims which arose after he filed this lawsuit and which he wished to add to his amended complaint; and (2) the dismissal of the First Amended Complaint containing Plaintiff's exhausted claim asserting that, on a single occasion, Defendant Tapia had rejected an internet generated

ORDER DENYING MOTION FOR RECONSIDERATON -- 1

item which was allegedly falsely labeled as copyrighted materials. A lengthy extension of time for the purpose of exhausting and then adding claims was not consistent with *Cano v. Taylor*, 739 F.3d 1214 (9th Cir. 2014). The Court denied the motion and dismissed Plaintiff's First Amended Complaint with prejudice for failure to state a claim upon which relief may be granted, ECF No. 12.

Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987).

Plaintiff argues that the Court mischaracterized his assertion regarding the allegedly improper handling of his legal mail over a month after he filed this lawsuit. The Court, however, did not dismiss this particular claim. Rather, the Court instructed Plaintiff that he could assert this claim, his challenges to DOC policies, and his claim against a different defendant which occurred three months after he initiated this action in a separate action after he had exhausted his available administrative remedies. Plaintiff is free to use his supporting documentation in any future action he files. Therefore, the Court finds that there is no reason to amend any findings under Rule 52(b), Federal Rules of Civil Procedure.

ORDER DENYING MOTION FOR RECONSIDERATON -- 2

Plaintiff has not alleged that there has been an intervening change of controlling law, although he contends that the "single incident" rationale adopted by this Court is not Ninth Circuit precedent. However, neither the United States Supreme Court nor the Ninth Circuit has ruled differently. Likewise, Plaintiff has not offered newly discovered evidence that would justify this Court taking a second look at the issue in question – the single mail rejection predicating this lawsuit. Thus, the only remaining question is whether the Court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5. The Court has already explained to Plaintiff that he is free to file a new and separate lawsuit with his newly exhausted claims.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration, **ECF No. 16**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward a copy to Plaintiff. The file shall remain closed.

**DATED** this   17th   day of December 2015.

                                    s/Edward F. Shea
                                    EDWARD F. SHEA
                      Senior United States District Judge